**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **MARIAN LEIGHTON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Civil Action No. 04-0812 (LFO)** |
| | ) | |
| **CENTRAL INTELLIGENCE AGENCY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

MEMORANDUM

By an Amended Complaint Plaintiff has revised and supplemented her claim that

Defendant has recorded inaccurate facts about statements she allegedly made in violation of the

Privacy Act, 5 U.S.C. § 552a(e)(5).  She seeks both monetary damages and injunctive relief.

Defendant moves to dismiss the complaint, contending that the alleged inaccuracies in the

record Plaintiff has identified are exempt from the Privacy Act by 32 C.F.R. § 1901.62.  That

regulation provides:

> (a) Pursuant to authority granted in section (j) of the Privacy Act, the Director of Central
> Intelligence has determined to exempt from all sections of the Act--except sections
> 552a(b); (c) (1) and (2); (e) (1), (4) (A)-(F), (5), (6), (7), (9), (10), and (11); and (i)--the
> following systems of records or portions of records in a system of record:
> > (1) Polygraph records.

In essence, Defendant argues that, because the only evidence capable of verifying Plaintiff's

claim is exempt from several sections of the Privacy Act, including its jurisdictional provision, 5

U.S.C. § 552a (g)(1), this Court lacks subject matter jurisdiction.  The Defendant also makes

several arguments that Plaintiff has failed to state a cognizable claim under the Privacy Act.

As stated from the bench, on a motion to dismiss, the Court is obligated to accept all facts

as pled and make all reasonable inferences on behalf of a plaintiff.  *United States v. Gaubert*, 499

U.S. 315, 327 (1991); *M.K. v. Tenet*, 99 F. Supp. 2d 12, 16-17 (D.D.C. 2000).  Plaintiff is also

entitled to the benefit of all inferences that may be drawn from her counsel's arguments.  *See,*

*e.g., Edelman v. National Bank of Washington*, 297 F.2d 188, 190 (D.C. Cir. 1961).  Where, as

here, a motion to dismiss purports to raise a jurisdictional issue, the court may look beyond the

complaint to undisputed facts, or make a factual finding about disputed facts.  *See Land v.*

*Dollar*, 330 U.S. 731, 735 n.4 (1947); *Herbert v. National Academy of Sciences*, 974 F.2d 192,

197 (D.C. Cir. 1992).  While "the trial court may rule on disputed jurisdictional facts at any time,

if they are inextricably intertwined with the merits of the case it should usually defer its

jurisdictional decision until the merits are heard."  *Herbert*, 974 F.2d at 198 (citing *Land*, 330

U.S. at 731).

Here, in response to the Defendant's argument that the records Plaintiff delineated as

erroneous in her Amended Complaint can only be verified through polygraph records, Plaintiff's

counsel proffered:

> "[I]t is entirely likely that the question whether Dr. Leighton made the particular
> statements attributed to her in the investigative file can be resolved without resort to
> polygraph records.  Presumably, in addition to Dr. Leighton's own testimony, the
> investigator's notes from the non-polygraph interviews are available as would be the
> investigator's deposition testimony to resolve the question of what Dr. Leighton actually
> said.  In any event, this is a question that can only be resolved after discovery, and
> development of the full record showing what statements were falsely attributed to Dr.
> Leighton."

Pl. Opp. Mem. [dkt no. 35] at 4-5.

In response to the Court's inquiry, Plaintiff's counsel offered to submit a plan for

discovery which, he expects, will lead to admissible (non-polygraph) evidence to flesh out those

proffers.  In response to a similar inquiry, the Government was unable to identify what records

may exist.

Given the requirement to view a pleading in the light most favorable to a plaintiff and to

accept plausible theories proffered by counsel, the Government's assertion about the contents of

the record must be tested.  It is pertinent that this Circuit has instructed that granting a "Rule

12(b)(1) motion may be improper before the plaintiff has had a chance to discover the facts

necessary to establish jurisdiction." *Herbert*, 974 F.2d at 198 (citing *Collins v. New York Central*

*System*, 327 F.2d 880 (D.C. Cir. 1963).  This is particularly true, where, as here, neither the

Plaintiff nor the Court has been properly apprised of what non-polygraph materials may exist in

her file to support her claim.  *See, e.g., Doe v. Goss,* No. 04-2122, 2007 WL 106523 at *9

(D.D.C. Jan. 12, 2007).  Furthermore, this motion does not present a clear question of whether or

not this Court has jurisdiction over the *matter*.  Instead it presents a murky question of whether

certain documents in the *record* that are exempt from the Privacy Act may or may not be

"inextricably intertwined with the merits." *Herbert*, 974 F.2d at 198.

The Court has also reviewed the remaining arguments for dismissal under Rule 12(b)(6)

presented by the Defendant and finds them to be without merit.  In particular, complaints "need

not plead law or match facts to every element of a legal theory." *Krieger v. Fadely,* 211 F.3d

134, 136 (D.C. Cir. 2000) (citation omitted).  I find that the Amended and Supplemental

Complaints "allege[] the essential elements of [her] claim and put the government on notice.

Nothing more [is] required to survive a motion to dismiss for failure to state a claim." *Id.* at 136-

37.

Accordingly, the bench ruling and accompanying order DENY Defendant's motion to

dismiss.

/s/

Louis F. Oberdorfer
UNITED STATES DISTRICT JUDGE

Dated: April 11, 2007